RECEIVED BC RANDOM CAT 2
SMB
6/8/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

24CV4776

FILED
6/20/2024
RC
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

|  |  |
|---|---|
| JORGE ALEJANDRO ROJAS, <br><br> *Plaintiff,* <br><br> vs. <br><br><br> DEBT RELIEF ADVOCATES, LLC, LINDSAY OGLESBY, JEFFREY NICKEL, HYUNG PARK, CORDOBA LEGAL GROUP PLLC, aka CORDOBA LEGAL GROUP LLC, ALFREDO CORDOBA, SET FORTH, INC, JUAN CAHUE, MICHAEL MCKNIGHT, LAW OFFICE OF PETER M. DAIGLE, P.C., THE aka DAIGLE LAW, and PETER M. DAIGLE, <br><br> *Defendants*. | Case No. _____ <br><br><br> **JURY TRIAL DEMANDED** <br><br><br> JUDGE ELLIS <br> MAGISTRATE JUDGE WEISMAN |

**COMPLAINT**

Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations, against Defendants Debt Relief Advocates, LLC ("Debt Relief Advocates"), Lindsay Oglesby ("Oglesby"), Jeffrey Nickel ("Nickel"), Hyung Park ("Park"), Cordoba Legal Group PLLC, aka/fka Cordoba Legal Group LLC ("Cordoba Legal"), Alfredo Cordoba (Mr. Cordoba"), Set Forth, Inc ("Forth"), Juan Cahue ("Cahue"), Michael Mcknight ("Mcknight"), Law Office Of Peter M. Daigle, P.C., The aka Daigle Law ("Daigle Law"), and Peter M. Daigle ("Mr. Daigle"), and alleges based on personal knowledge and information and belief:

**INTRODUCTION**

1. "When it comes to robocalls, you can only call those who, like Blondie, have said, 'Call me. Call me on the line.' If you call people who haven't opted in, then you face liability under the Telephone Consumer Protection Act." *Perrong v. Bradford*, 2024 WL 2133801, at *1 (E.D. Pa. May 13, 2024).

1

2. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3. Plaintiff brings this action against Defendant for violations of the TCPA, 47 U.S.C. § 227.

4. This case involves a campaign by Defendants which placed illegal, automated calls, concerning credit card and personal debt resolution services.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over the claims herein under 28 U.S.C. § 1331.

6. This Court has personal jurisdiction over Defendant. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resided within this district when the calls were made. The calls were made for services being provided by Defendant within this district. At least one of the Defendants is registered with the Illinois Secretary of State as doing business in this state. The Defendants made at least one call to Plaintiff using a local, in district, telephone number.

7. Defendants contacted Plaintiff specifically concerning the sale of services in Illinois, and within this District.

8. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

9. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

10. Defendant Debt Relief Advocates, LLC ("Debt Relief Advocates") is a California company, with a principal address of 16808 Armstrong Ave, Ste 215, Irvine, CA 92606, and an agent for service of process of Andrew Park, located at the same.

11. Defendant Lindsay Oglesby ("Oglesby") is a Manager or Member of Debt Relief Advocates and is located at the same address.

12. Defendant Jeffrey Nickel ("Nickel") is a Manager or Member of Debt Relief Advocates and is located at the same address.

13. Defendant Hyung Park ("Park") is a Manager or Member of Debt Relief Advocates and is located at the same address.

14. Defendant Cordoba Legal Group PLLC, aka/fka Cordoba Legal Group LLC ("Cordoba Legal"), is a Florida LLC, with a principal address of 102 NE 2nd Street #252 Boca Raton, FL 33432, and an agent for service of process of Alfredo Cordoba, located at the same address.

15. Defendant Alfredo Cordoba (Mr. Cordoba") is a Manager of Cordoba Legal and is located at the same address.

16. Defendant Set Forth, Inc ("Forth") is a Delaware entity, which is also registered with the Illinois Secretary of State, with an address of 1900 E. Golf Rd, Ste 550, Schaumberg, IL 60173, and an agent for service of process of VCORP AGENT SERVICES, INC located at 208 S. Lasalle Street, Suite 814 Schaumburg, IL 60173.

17. Defendant Juan Cahue ("Cahue") is President of Forth and is located at the same address.

18. Defendant Michael Mcknight ("Mcknight") is Secretary of Forth and is located at the same address.

19. Defendant Law Office Of Peter M. Daigle, P.C., The aka Daigle Law ("Daigle Law") is a Massachusetts entity, with a principal office of 1550 Falmouth Rd., Suite 10 Centerville, MA 02632 and an agent for service of process of PETER M. DAIGLE located at 1550 Falmouth Rd., Suite 6 Centerville, MA 02632.

20. Defendant Peter M. Daigle ("Mr. Daigle") is President, Treasurer, Secretary, and Director of Daigle Law.

21. Defendants are each a person as defined by 47 U.S.C. § 153(39).

22. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

23. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic telephone dialing system, without the call recipient's

3

prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

24. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to a telephone where the called party is charged for the call. 47 U.S.C. § 227(b)(1)(A).

25. The TCPA provides a private cause of action to persons who receive such automated or -pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

26. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

27. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

28. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal*

4

*Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

29. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

30. Individual party Defendants in this case directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

## ALLEGATIONS

31. At all times relevant hereto, Plaintiff maintained and used a residential telephone line which is charged on a per call and per minute basis, with phone number (312) XXX-4004.

32. Defendants have purposefully availed themselves of this jurisdiction, by conducting transactions – in this case making telephone calls – to an in district telephone number, utilizing an in-district telephone number.

33. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

34. Plaintiff is the account holder and customary user of his phone number.

35. Plaintiff was within this district when he received the telephone calls.

36. Plaintiff wishes solitude from invasive and harassing telemarketing calls.

37. The calls prevented Plaintiff from using his phone for legitimate purposes.

38. **Call 1.** On or about June 7, 2024, at 1:40 PM Chicago time, Plaintiff received a telephone call from Defendants, or an agent acting on their behalf, from telephone number 312-624-1577.

39. After answering the phone, Plaintiff had to state a greeting several times, prior to hearing a beep, before being connected to a "Michael" who in a foreign accent stated he was with the "American Debt Relief Program," and asked Plaintiff if he had over a certain amount in credit card debt or personal loans.

40. Michael ultimately tried to connect Plaintiff to another entity, and the call would either not connect or disconnect in the "warm transfer" process.

41. Ultimately, Michael connected Plaintiff with an individual who stated he was with "Debt Relief."

42. Plaintiff identified this individual as Ron Ziegler with Debt Relief Advocates.

5

43. Ron emailed Plaintiff from the e-mail ron@debtreliefadvocates.com during the telephone call, with links to Debt Relief Advocates as well as Cordoba Legal.

44. Ron stated that they worked with Cordoba Legal during the call.

45. Ron ultimately emailed Plaintiff a retainer agreement for debt resolution services.

46. The retainer agreement identifies all the corporate Defendants in this case.

47. Forth, who lists an Illinois address in this district in the agreement, is the entity which collects the payments for the debt resolution services.

48. Forth earns money notwithstanding the illegal activities performed by the other co-Defendants.

49. The agreement identifies "Daigle Law" as "Client's local legal counsel."

50. The agreement identifies Cordoba Legal Group, LLC as the entity which the agreement is entered with, but such entity has been renamed to Cordoba Legal Group PLLC.

51. The Debt Relief Advocates website, an archived copy of which is available at https://web.archive.org/web/20240607214204/https://debtreliefadvocates.com/terms-of-use/, includes a provision "TCPA Consent  I expressly consent to receiving calls and messages, including auto-dialed and pre-recorded message calls, and SMS messages (including text messages) from us, our affiliates, agents and others calling at their request or on their behalf, at any telephone numbers that you have provided or may provide in the future (including any cellular telephone numbers). Your cellular or mobile telephone provider will charge you according to the type of plan you carry."

52. The above disclaimer, to which Plaintiff has never agreed or assented to, admits to the use of an autodialer.

53. Plaintiff never signed the retainer agreement.

54. In fact, prior to signing the agreement, Plaintiff informed the representative that he would be reading through it carefully and that he would not be rushed to sign the document. The representative said he would call at or after one hour.

55. Plaintiff, after hanging up, emailed the representative, stating to please add him to their internal do not call list, and to e-mail him a copy of the consent relied upon to make the telephone call.

56. Plaintiff does not believe representative ended up calling back at or after one hour, and instead – just ignored the request for a copy of the consent relied upon to call.

57. The calling entity did not identify itself as "Debt Relief Advocates" or "Cordoba Legal" until it was assured that it may be making revenue from the telephone call. Instead, it relied on generic names in order to evade liability.

58. This is not Plaintiff's first time catching Cordoba Legal making telemarketing calls. *See Rojas v. Cordoba Legal Group LLC,* 1:22-cv-03264 (N.D. Ill., June 22, 2022).

59. Cordoba has also been sued by others in the past for its conduct. *See Salaiz v. Cordoba Legal Group PLLC,* 3:24-cv-00085 (W.D. Tex., March 13, 2024), *Salaiz v. Debt USA LLC et al*, 3:22-cv-00409 (W.D. Tex., November 4, 2022), *Gonzalez v. Kisch Law Firm, PLLC, et al,* 3:22-cv-00280 (W.D. Tex., August 15, 2022).

60. The actions alleged in this complaint were made knowingly and/or willfully.

61. Plaintiff has never consented to calls from Defendants.

62. Defendants may have hired the services of a lead generator who made the telephone calls and then forwarded the information to Defendants. The calls placed were made for the benefit of Defendants.

63. The individual Defendants, as officers of their respective companies, directed, oversaw, and controlled the telemarketing conduct alleged in this complaint. This may have included for example selecting the dialing platforms to be used, overseeing any marketing campaigns which included creating the script for the telephone calls, and actually authorizing the dialing.

64. The individual Defendants ratified the conduct of each other by continuing to do business with entities – despite knowing that they were engaging in illegal conduct and mass telephone calls.

65. Plaintiff alleges actual and vicarious liability by the Defendants.

66. Plaintiff alleges the telephone calls were made by an Automatic Telephone Dialing System ("ATDS").

67. Plaintiff has never provided his consent to be called to Defendants.

68. The conduct alleged in this action was made willful and knowingly.

69. Defendants' phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

70. Defendants did not have any consent to call Plaintiff.

71. Defendants are not an organization exempt from the TCPA.

7

72. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.

73. The impersonal and generic nature of Defendants' calls shows that Defendants utilized an Automatic Telephone Dialing System (ATDS) in making the call.

74. The pre-recorded tone and longer than natural pauses prior to being greeted on the telephone demonstrate that the Defendants were utilizing an ATDS.

75. In total, Defendants' and/or their affiliates placed at least one (1) automated calls to Plaintiff.

76. Because of the nature of the telephone calls, including the fact that the telephone numbers were spoofed, Plaintiff believes more telephone calls may have actually been made.

77. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation, and a sense that his privacy has been invaded by Defendants.

78. The foregoing acts and omissions were in violation of the TCPA.

79. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

80. Defendants have any information concerning any entities they engage with to perform telemarketing services on their behalf in their custody and/or control.

81. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone or one which is charged for a call except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

82. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

83. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

84. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

85. Plaintiff is also entitled to an award of costs.

86. Defendants' calls were not made for "emergency purposes."

87. Defendants' calls to Plaintiff were made without any prior express written consent.

88. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

89. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

90. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

91. Plaintiff, in discovery will identify additional telephone calls made by Defendants and or their agents or affiliates, and requests leave to amend the complaint after identifying.

92. Defendants hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling.

93. For the counts identified below, Defendants are directly liable as the party that caused the unlawful calls to be placed.

94. Plaintiff requests a jury trial on all issues so triable.

## <u>COUNT 1.</u>

<u>Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)</u>

95. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

96. Defendants or one of their affiliates or vendors called Plaintiff's telephone which is charged on a per call and a per minute basis using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least one (1) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

97. Plaintiff was statutorily damaged at least one (1) occasions under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

98. Plaintiff was further statutorily damaged because Defendants' willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $1,500.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $1,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

D. All reasonable witness fees, court costs, pre- and post-judgment interest, and other litigation costs incurred by Plaintiff;

E. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

F. Leave to amend this Complaint to conform to the evidence presented at trial; and

G. Any other relief this Court deems proper.

Respectfully submitted,

Dated: June 8, 2024

/s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

10